STATE v. HOUSTON-CHAMBERLIN HARDWARE COMPANY.[1]

November 10, 1905.

Nos. 14,543—(22).

**Name in Tax List—Error.**

> In the tax list and in the certificate of delinquent personal property taxes issued by a county treasurer to the clerk of court, the name of the party assessed for taxes was entered as "Houston-Chamberlin Howe Company," instead of Houston-Chamberlin Hardware Company. Upon issue joined by answer to a citation, in the absence of any evidence that there was another firm of that name, or that the firm had been deceived or misled, the court was justified in finding that the word "Howe" was a clerical error, or an incomplete abbreviation of the word "Hardware," and the discrepancy in the name was not available as a defense to avoid payment of the tax.

Appeal by defendant from a judgment of the district court for Wright county, entered pursuant to the findings and order of Giddings, J., in proceedings for the collection of delinquent personal property taxes. Affirmed.

*James C. Tarbox,* for appellant.

*W. H. Cutting,* County Attorney, for respondent.

LEWIS, J.

A citation was issued by the district court of Wright county against the Houston-Chamberlin Hardware Company, requiring it to show cause why it should not pay certain personal property taxes. Appellant answered, and alleged that no personal or other taxes had ever been levied or assessed against the partnership, or on any property belonging or claimed to belong to it, that no delinquent personal property taxes had ever been returned by the county treasurer to the clerk of that court, and that no warrant for the collection of any such taxes had ever been issued by the clerk or returned to him by the county sheriff.

In the tax list and in the certificate issued by the county treasurer to the clerk of court of delinquent personal property taxes for 1903, the

---

[1] Reported in 104 N. W. 835.

name entered as a party assessed for taxes was "Houston-Chamberlin Howe Company," in the village of Monticello; valuation of property, $1,859; taxes and penalty, $89.98. The board of county commissioners thereupon made a report of the uncollected personal property taxes for the year 1903, and in the list so revised the same name was entered, "Houston-Chamberlin Howe Company."

The matter came on for trial, and the court found that appellant, Houston-Chamberlin Hardware Company, was doing business in the village of Monticello; that May 1, 1903, it was the owner and in possession of personal property in Monticello subject to taxation; that a citation was duly issued under the provisions of section 1569, G. S. 1894, and that the property of appellant was properly listed for taxation in 1903, but that the tax books and records did not show the correct name under which appellant was doing business; that the failure so to specify the right name was a mere inaccuracy or clerical error; that the sheriff's return to the personal property tax warrant was served upon appellant, and the citation was directed and served upon it under the true and correct name; that the personal property of appellant in Monticello was listed for taxation in 1903, was duly levied and assessed in the sum of $81.80, became delinquent, and was not paid.

If we understand the argument of appellant, it is, conceding it possessed personal property in the village of Monticello in 1903 subject to taxation and assessed as stated, and admitting that it has never paid such tax, yet because in the sheriff's certificate and report made by the board of county commissioners the word "Howe," instead of "Hardware," appears, that liability for such taxes has not been shown. Under the findings of the court that the discrepancy in the name is a mere clerical error, and in the absence of any evidence to show appellant has been misled thereby, there is no possible ground upon which payment of the taxes can be avoided. "Howe" is clearly intended as an abbreviation of "Hardware." If there was danger of appellant paying the taxes of another firm of similar name, it could easily have been shown at the trial that there was such a firm and that appellant had no assessable property.

Judgment affirmed.

The following opinion was filed November 28, 1905:

PER CURIAM.

The application for a reargument is denied, but for clearness we add to the former opinion:

The findings of the trial court were justified by the evidence, because it appeared from the county auditor's testimony that the word "Howe" was ambiguous, for the reason that the defense was negative and rested alone upon the apparent discrepancy in the name, and because upon such an issue and upon such a showing the burden was upon appellant to prove that it did not possess the property, that it was incorrectly assessed, and that appellant was not in fact the party referred to in the tax list and citation. This the appellant failed to do.